United States District Court
for Tucson Division

U.S.A Plaintiff,
-vs-
Roger Godwin, Defendant

Case #26-00556-Plx-MTL

FILED RECEIVED LODGE COPY
JUN 23 2026
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY DEPUTY

Motion To Suppress

Comes Now Defendant pro-se without hybird representation, pursuant to the provisions of the 1st, 4th, 6th, 14th U.S Constitution Amendments for motion To Suppress Statements (Rev. 5-5-26), Identity Hearing 6-13-26. Thus Defendant seeks to suppress the statements he allegedly made on 5-5-26 to John Doe FBI Agent when he was under influence of Drugs i.e Suboxine, the Agent did not ask Def whether he was under influence of Drugs alcohol or medications therefore he was Not intellegently, voluntary understood his rights or what he was saying, doing. See, Colorado vs Connelly 479 U.S 157, 167 (1986). Under the 5th Amendment, "No person shall be compelled in any criminal case to be a witness against himself." The question is whether Defendant statement was voluntary, whether the Defendant knowingly, intelligently waived his miranda Rights on 5-5-26. A Defendant challenge to the Admission of Statements made during a custodial interrogation presents whether he received and validly waived his miranda Rights, whether his statements themselves were "voluntary". See, Missouri vs Seibert, 542 U.S 600, 608-09 (2004), See, Mincey v Arizona, 437 U.S 385, 398 (1978) (Any criminal trial use against a Def of his involuntary statement is Denial of Due Process), See, Colorado v. Connelly, 564 U.S 261, 281 (1986), U.S v. Lashaze, 543 F.3d 935, 941 (7th Cir. 2008, Miller

2US Tenton 474 U.S 104, 106 (1985), See U.S v. Ortiz 943
F.3d 1017. FBI Agent on 5-5-26 didn't ask Def if he
was under influence of Drugs, Alcohol, medications
which he was on 5-5-13 (suboxine, Zyprexa). By Def
being under influence of suboxine, Zyprexa, he moves
to suppress any and all alleged oral or written
statements or admissions involuntary made by him
to FBI Agent on 5-5-26 becuz he did Not understand
or appreciate his right to remain silent when he was
interviewed on 5-5-26 because he was "high." It is the
burden of the Government, not Def. must be proved by
a preponderance of evidence that the Def relinquishment of
the Def Rights was voluntary, the Def was full awareness of
the right being waived and of the consequences of waiving
the right. See, U.S v. Jaswal, 47 F.3d 539, 542 (2nd Cir. 1995)
The FBI Agent on 5-5-26 didn't given Def form to waiver
his Miranda Rights. See, U.S v. Santiago, 709 F. Supp. 3d 65, 70
(D. Conn. 2024). It was FBI Agent to ask Def. if he was
under influence of Drugs, Alcohol, him to sign Def
form to sign he understood his Rights. which he did not
do on 5-5-26, admitted @ Identity Hearing on 6-13-26. See,
Miranda v. Arizona, 384 U.S 436 (1966). (to be admissible
(Def's statements must be made voluntarily, intelligently
Therefore, Defendant ask all allegedly statements
or admissions involuntary made by his on 5-5-26
be suppressed, Evidentiary Hearing is held.

/s/

[signature]

6-14-26